

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 17, 1966

Honorable Robert S. Calvert    Opinion No. C-687
Comptroller of Public Accounts
Capitol Station
Austin, Texas         Re:   Questions relative
                              to College Building
                              Bond Amendment,
                              Article VII, Section
                              17 of the Texas Consti-
Dear Mr. Calvert:                 tution

You have requested the opinion of this office in regard to the following questions relative to the College Building Bond Amendment, Article VII, Section 17 of the Texas Constitution:

"1.   What is the effective date of the amendment?

2.   Is the 5¢ tax levied in 1965

    a.   To be shared by the 12 colleges that were sharing prior to November 2, or

    b.   To be shared by the 17 schools named in the amendment adopted November 2?

    c.   If shared by the 17, does the sharing begin with the first collection by the county tax collector in October, 1965 or after the effective date of the amendment?

      NOTE:   Deposits to College Building Fund 1958-1967 are $4,501,983.14 and College Building Fund 1948-1957 are $14,395.97, as of March 31, 1966.

-3299-

3. Delinquent taxes:

    a. Will the 12 schools (and not the 17) continue to share collections of delinquencies for 1958-64?

    b. Will the 14 schools (and not the 12 nor the 17) continue to share collection of delinquencies for 1948-1957?

       If so, each county tax collector will have to classify collections. (See Note in 2c above).

4. Does Arlington State share in the fund?

5. If the amount required to retire bonds (which is known) plus the amount required to retire notes outstanding (which may or may not be known) equals more than the cash on hand plus the collections from 1965 levy, how will the 1966 and 1967 levy be divided?

6. If there is sufficient cash and 1965 collections to retire bonds and notes outstanding November 2, how will the 1966 and 1967 levies be distributed?

7. Can any of the original 12 schools or those added in the November 2 amendment issue notes after November 2, 1965?

8. Will the Comptroller be required to establish a new fund series for:

    a. The 10-cents tax on assessment rolls of January, 1966 to be collected October, 1966 and after
       or

    b. The 5-cents addition on assessment rolls of January, 1966 and 1967 and clear the remaining 5 cents into funds

> already established by prior authority
> and obligated to retire notes out-
> standing.
>
> In either "a" or "b" above, the entire
> 10 cents is to go into new funds for
> taxes collected on January, 1968
> Assessment Rolls.

9. Is the allocation percentage computed as
   of June 1, 1966, to be applied to
   actual receipts for the period ending
   May 30, 1972?

10. May funds other than those funds
    received from Ad Valorem Taxes be used
    to retire note obligations incurred
    under the College Building Amendment?

11. Can the State Comptroller be required
    to register notes issued under the
    College Building Amendment?"

It is axiomatic in interpreting constitutional
provisions that "when the significance of a phrase
or clause is plainly discoverable from the words
thereof, there is no reason to resort to rules
of construction and effect should be given to the
meaning thus ascertained. Words will be con-
sidered to have been used in their natural sense
and ordinary signification, unless the context indicates
the contrary". 12 Tex. Jur. 2nd, 362, Constitutional
Law, Sec. 14 and cases cited thereunder.

Article VII, Section 17, of the Constitution of
Texas, as adopted in 1965, is self-enacting and apply-
ing the above axioms to the language used in the
amendment several of your questions can speedily be
resolved as the answers appear in clear and unambiguous
language therein.

Your first question, regarding the effective
date of the amendment, is answered in the last
paragraph thereof, wherein it is stated that "It
shall become operative or effective upon its adoption..."

The Constitutional amendment was adopted on the 19th
day of November, the date the election returns were
canvassed. Wilson v. State, 15 Tex. Ct. App. 150
(1883); Attorney General's Opinion S-146 (1954).

Your question four is answered in the amend-
ment wherein it is stated that certain institutions
shall be eligible to receive funds raised from the
ten cent tax levy and lists the schools. The first
name on this list is "Arlington State College at
Arlington", thus the answer to your question must
obviously be in the affirmative.

Your question eleven is answered in the
negative because there is no mention anywhere in
the amendment of any duty on the part of the
State Comptroller to **register** "notes" issued
under terms of the amendment. The duty of
the State Comptroller to register bonds issued
under the amendment is set out in the second para-
graph thereof, but no similar duty is imposed
as to notes.

In regard to your seventh question, we
again need only to look at the clear language
of the November, 1965 amendment. By its
specific terms it acts to "supersede and repeal
the former provisions of this Section." Thus
the only authority to issue notes would have
to be found in the November, 1965 amendment
after its adoption by the people. In the
second paragraph we find the following language:
"....the governing board of each such institu-
tion of higher learning is fully authorized to
pledge all or any part of said funds allotted to
such institutions as hereinafter provided, to
secure bonds or notes ....". (emphasis added). Go-
ing further we find that no funds shall be allo-
cated, i.e. allotted, under the November 1965
amendment until June 1, 1966. Until such allotment
is made it is clear that none of the schools named
in the amendment can issue any notes under its terms.

As to your tenth question, there is no duty
imposed on the State Comptroller under Article VII,
Section 17 regarding any funds other than those
received from Ad Valorem Taxes and we therefore
treat this question as superfluous.

The remainder of your questions we have consolidated for purposes of clarity and brevity into the following:

1. Should the proceeds of the five cent tax levied for the year 1965 be allocated among the twelve colleges sharing in such proceeds prior to the amendment of November, 1965, or among the seventeen institutions named in the amendment?

2. Upon what basis should delinquent taxes collected for the years 1948 through 1965 be distributed (allocated), and should the same basis be used in the future for delinquent collections for the years 1966 through 1978?

3. How should the proceeds from the ten cent tax be allocated among the seventeen schools named in the amendment of November, 1965?

Turning first to the matter of the distribution of the proceeds of the five cent tax levied for the year 1965, it is our opinion that these collections should be apportioned and distributed in accordance with the allocations made in Article VII, Section 17 as it existed prior to the November, 1965 amendment.

It is a fundamental rule that money from taxes levied and collected for a certain purpose may be expended for such purpose only. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918); Spears v. City of South Houston, 137 S.W. 2d 197 (Civ. App. 1940, affd. 136 Tex. 218, 150 S.W. 2d 74). The five cent tax levied for the year 1965 was levied for the purposes set out in Article VII, Section 17 prior to the November, 1965 amendment and therefore should be distributed among the twelve schools listed at the time the tax levy was made.

The same general rule cited above would apply as regards the distribution of delinquent tax collections from past years, i.e. such funds should be distributed to the schools named in and in the proportion provided in Article VII, Section 17 as it existed at the time the particular tax was levied. This would also apply to any delinquent collections in the future. Thus whether based on the tax levied under the 1947, 1956, or 1965 amendments the distribution of funds would depend on which allocation was in effect at the time the particular tax was <u>levied</u>.

The final question to be resolved involves how the proceeds from the ten cent tax levied should be allocated among the seventeen schools named in the November, 1965 amendment. The language of the amendment is so clear and un-ambiguous as to leave no question that the in-tent is that the entire ten cents be divided among all seventeen schools on the basis of the allocation formula set out in the amendment, starting with the tax levied for 1965 and con-tinuing each  year thereafter.

However, the amendment also provides "that nothing herein shall be construed as impairing the obligation incurred by any outstanding notes or bonds heretofore issued by any state institu-tions of higher learning  under this Section prior to the adoption of this amendment but such notes or bonds shall be paid, both as to principal and interest, from the fund as allocated to any such institution".

Thus the Comptroller of Public Accounts should allocate the entire anticipated proceeds of the ten cent tax levy among the institutions named in the November, 1965 amendment in accordance with the pro-visions of such amendment, which will hereafter be referred to as the "regular allocation." However, if it appears that an institution, named in Section 17 of Article VII, prior to the 1965 amendment, has incurred valid obligations by the issuance of notes or bonds in accordance with the terms of Article VII, Section 17 as it existed prior to the 1965 amendment, and that under the regular allocation it will re-ceive less than it would have received under the

terms of Section 17 of Article VII before the 1965 amendment, and that the regular allocation will not be sufficient to meet these outstanding obligations, then the regular allocation must be revised to the extent necessary to give such institutions an amount sufficient to meet such obligations as they become due. However, in no case can the additional amount thus allocated, together with the institution's regular allocation total more than the amount that an institution would have received by virtue of the five cent levy under Article VII, Section 17 as it existed prior to the 1965 amendment. The remaining funds to be received from the ten cent tax levy, should then be allocated in accordance with the regular allocation.

## S U M M A R Y

The proceeds of the five cent ad valorem tax levied under Article VII, Section 17 of the Constitution of Texas for the year 1965 should be distributed among the schools listed and on the basis provided in said Article as it existed at the time the tax was levied.

Delinquent ad valorem tax collections should be distributed as provided by the terms of Article VII, Section 17 as it read at the time the particular tax was levied.

The Comptroller of Public Accounts should allocate the entire anticipated proceeds of the ten cent tax levy among the institutions named in the November, 1965 amendment in accordance with the provisions of such amendment, which will hereafter be referred to as the "regular allocation". However, if it appears that an institution, named in Section 17 of Article VII, prior to the 1965 amendment, has incurred valid obligations by the issuance of notes or bonds in accordance with the terms of Article VII, Section 17 as it existed prior to the

1965 amendment, and that under the regular allocation it will receive less than it would have received under the terms of Section 17 of Article VII before the 1965 amendment, and that the regular allocation will not be sufficient to meet these outstanding obligations, then the regular allocation must be revised to the extent necessary to give such institutions an amount sufficient to meet such obligations as they become due. However, in no case can the additional amount thus allocated, together with the institution's regular allocation, total more than the amount that an institution would have received by virtue of the five cent levy under Article VII, Section 17 as it existed prior to the 1965 amendment. The remaining funds to be received from the ten cent tax levy, should then be allocated in accordance with the regular allocation.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

JAMES M. STROCK
Assistant Attorney General

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Malcolm Quick
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
By T. B. Wright